1    MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
2    WILMER CUTLER PICKERING
    HALE AND DORR LLP
3    950 Page Mill Road
4    Palo Alto, California 94304
Telephone: (650) 858-6000
5    Facsimile: (650) 858-6100

6

Attorney for Applicants APPLE INC.;
7    APPLE DISTRIBUTION
INTERNATIONAL; APPLE SALES
8    INTERNATIONAL; APPLE RETAIL UK
LIMITED; APPLE RETAIL GERMANY
9    GMBH; APPLE RETAIL NETHERLANDS
B.V.; and APPLE BENELUX B.V.
10

11
             **UNITED STATES DISTRICT COURT**
12          **SOUTHERN DISTRICT OF CALIFORNIA**

13

14    *In re* Ex Parte Application of

15    APPLE INC.; APPLE DISTRIBUTION
INTERNATIONAL; APPLE SALES
16    INTERNATIONAL; APPLE RETAIL UK    Civil Action No. **'15CV1780 BAS RBB**
LIMITED; APPLE RETAIL GERMANY
17    GMBH; APPLE RETAIL NETHERLANDS    **APPLE'S EX PARTE APPLICATION**
B.V.; and APPLE BENELUX B.V.,    **FOR AN ORDER PURSUANT TO**
18                                  **28 U.S.C. § 1782 GRANTING LEAVE**
19    Applicants,                       **TO OBTAIN DISCOVERY FOR USE**
                                   **IN FOREIGN PROCEEDINGS AND**
20             For an Order Pursuant to    **SUPPORTING MEMORANDUM**
21             28 U.S.C. § 1782 Granting
            Leave to Obtain Discovery
22             from Qualcomm Incorporated
            for Use in Foreign Proceedings.
23

24         Apple[1] applies to the Court ex parte[2] for an order pursuant to 28 U.S.C. § 1782 granting

25

26    Apple leave to obtain targeted discovery from Qualcomm Incorporated ("Qualcomm") for use in

27    _____
[1] Except as otherwise indicated, as used herein, "Apple" means Apple Inc., Apple Distribution
International, Apple Sales International, Apple Retail UK Limited, Apple Retail Germany
28    GmbH, Apple Retail Netherlands B.V., and Apple Benelux B.V.

foreign litigations.  Though not required, Apple is providing a copy of its ex parte application to Ericsson[3] and Qualcomm contemporaneous with this filing.

## I.    INTRODUCTION

Ericsson has sued Apple for infringement and injunctions in both the United States and in three countries outside of the United States (specifically, the United Kingdom, Germany, and the Netherlands).[4]  The majority of the lawsuits allege that certain Apple products infringe patents that Ericsson claims are essential to certain cellular standards established by the European Telecommunications Standards Institute ("ETSI").  Under 28 U.S.C. § 1782, interested parties, such as Apple, may obtain discovery for use in foreign litigations from companies located within the United States.

In support of its defenses to the actions filed by Ericsson against Apple in the United Kingdom, Germany, and the Netherlands, Apple seeks narrowly tailored discovery from its supplier of certain wireless communication chips, namely Qualcomm.  Specifically, Apple seeks documents regarding whether Qualcomm had or has a license or is or was otherwise authorized to practice some or all of the patents that have been asserted by Ericsson against Apple.

Apple's application satisfies Section 1782's three statutory requirements.  First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Qualcomm's headquarters are in San Diego, California.  Second, Apple seeks the discovery "for use in a

---

[2] Ex parte filing of applications are "an acceptable method for seeking discovery pursuant to [28 U.S.C.] section 1782[.]"  *In re Application of Republic of Ecuador*, No. 22-MC-0052, 2011 U.S. Dist. LEXIS 103360 (E. D. Cal. Sept. 13, 2011); *see also In re Ecuador*, No. C-10-80225, 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte.  Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (internal quotation marks and citations omitted).

[3] Except as otherwise indicated, as used herein, "Ericsson" means Ericsson Inc. and Telefonaktiebolaget LM Ericsson.

[4] Both Ericsson entities are parties to the proceedings in the United States.  Telefonaktiebolaget LM Ericsson is the only named Ericsson entity in the proceedings in the United Kingdom, Germany, and the Netherlands.

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

proceeding in a foreign . . . tribunal," *id.*, specifically the High Court of Justice, Chancery Division, Patents Court in the United Kingdom, the Düsseldorf and Mannheim Regional Courts in Germany, and the District Court of The Hague in the Netherlands.  Third, Apple and its Foreign Subsidiaries qualify as "interested persons" in those foreign proceedings because they are named parties to those proceedings.  *See id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, the factors identified by the Supreme Court to guide courts' discretion in analyzing applications under Section 1782 all favor granting Apple's request.  Qualcomm is not a participant in the foreign proceedings, and Section 1782 provides an effective mechanism for obtaining this targeted discovery across various cases.  In addition, the foreign jurisdictions at issue are receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts.  Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome.  To the extent the requested documents contain confidential business information, Apple will agree to protect the information from disclosure as may be appropriate.  Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit A and allow Apple to serve the subpoena attached as Exhibit B.

## II.    FACTUAL BACKGROUND

Ericsson has filed lawsuits against Apple in the United States District Court for the Eastern District of Texas, before the United States International Trade Commission, and in three countries outside of the United States.  In the Foreign Proceedings, Ericsson asserts patents that Ericsson claims to be essential to the Long Term Evolution ("LTE") and/or Global System for Mobile Communications ("GSM") cellular standards established by ETSI.  (*See generally* Selwyn Decl. at ¶¶ 6, 9, 12.)  The functionalities accused by Ericsson in these actions generally relate to the chips supplied by Qualcomm for incorporation into various iPhone and iPad models.  (*Id.* at ¶ 15.)

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

Ericsson's Foreign Proceedings are pending in the High Court of Justice, Chancery Division, Patents Court in the United Kingdom *(id.* at ¶ 4), Germany's Düsseldorf and Mannheim Regional Courts (*id.* at ¶ 7), and the District Court of the Hague in the Netherlands *(id.* at ¶ 10). In all, Ericsson alleges that Apple infringes ten European patents by selling mobile devices that support the LTE and GSM standards. (*Id.* at ¶¶ 6, 9, 12.)

## III.    ARGUMENT

### A.    Legal Standard

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-49.

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court to "grant an application pursuant to 28 U.S.C. §1782 where: (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or international tribunal or any interested person." *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, at *2 (S.D. Cal. May 21, 2012) (citation omitted).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting Section 1782 applications. These factors include (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *Chevron Corp.*, 2010 U.S. Dist. LEXIS 94396, at *11 (outlining *Intel* factors). Courts in this District have previously granted similar applications by Apple seeking similar discovery from Qualcomm. See, e.g., *In re Ex Parte App. of Apple Inc.*, No. 3:11-cv-03058-IEG-BGS, slip op. (S.D. Cal. Oct. 13, 2011) (Selwyn Decl. ¶ 16, Ex. 2); *In re Ex Parte App. of Apple Inc.*, No. 3:12-cv-00147-LAB-WMC, slip op. (S.D. Cal. Jan. 25, 2012) (Selwyn Decl. ¶ 17, Ex. 3).

**B.     Apple's Application Meets the Section 1782 Requirements**

Apple's request for discovery meets each of the three statutory requirements. First, the company from which discovery is sought, Qualcomm, "resides or is found" in this District. 28 U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. (Selwyn Decl. ¶ 13, Ex. 1 (excerpt of 2014 Qualcomm 10K).)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing at least the defenses of license, unfair competition, and/or antitrust violations in patent infringement actions brought by Ericsson in one or more foreign tribunals, *i.e.*, the High Court of Justice, Chancery Division, Patents Court in the United Kingdom, the Düsseldorf and Mannheim Regional Courts in Germany, and the District Court of the Hague in the Netherlands. These venues are all courts of first instance for hearing patent litigation.

As previous cases have recognized, these and related foreign adjudicative bodies qualify as "tribunals" for purposes of Section 1782. *See, e.g.*, *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 U.S. Dist. LEXIS 35924, at *5 (N.D. Ill. April 8, 2010) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation marks omitted); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist.

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany"); *In re Qwest Commcns. Int'l Inc.*, No. 08-93, 2008 U.S. Dist. LEXIS 115845, at *8, 15 (W.D.N.C. July 10, 2008) (permitting discovery for proceeding in "Amsterdam District Court" and noting that "courts have routinely held that the courts of the Netherlands are 'tribunals' under Section 1782").

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]."  28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at *9.  Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

**C.    The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application**

In addition, the factors identified by the Supreme Court in *Intel* and by other courts weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

**1.    Qualcomm Is Not a Party in the Foreign Proceedings**

Since Qualcomm is not a party to the foreign litigations, the material Apple seeks, licenses in Qualcomm's possession, may not be within the foreign tribunal's jurisdictional reach. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *see also Heraeus Kulzer*, 633 F.3d at 597 (authorizing Section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *13 (holding that "petitioner need only show that the information" sought under Section 1782 "will be useful").

APPLE'S EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

### 2.    Apple Seeks Highly Relevant Information that Will Assist the Foreign Courts

The nature and character of the foreign proceedings and the receptivity of the foreign courts to U.S. federal-court judicial assistance also weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Ericsson's allegations of patent infringement, discovery regarding potentially relevant license agreements is critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting Section 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case").

Moreover, prior cases have recognized the receptiveness of the jurisdictions at issue here to the use of discovery obtained through Section 1782. *See, e.g.*, *IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 (United Kingdom); *Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *In re Roche Nederland B.V.*, No. 11-0017, slip op. at 1 (M.D. Tenn. May 12, 2011) (Selwyn Decl. ¶ 18, Ex. 4) (Netherlands); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at *12-13 (same); *see also In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1114-16 (United Kingdom, Germany, the Netherlands, and other jurisdictions).

### 3.    No Foreign Discovery Restrictions Bar Apple's Requested Discovery

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[5] Here, Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through Section 1782. To the contrary, as noted above, U.S. courts have routinely granted

---

[5] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782 should a district court refrain from granting the assistance offered by the act") (quotation marks omitted; emphasis in original); *Procter & Gamble*, 334 F. Supp. 2d at 1116 (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

applications under Section 1782 for evidence to be used in the foreign courts at issue here.  *See, e.g.*, *IKB Deutsche Industriebank*, 2010 U.S. Dist. LEXIS 35924, at *5 (United Kingdom); *Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at *12-13 (Netherlands).

### 4.    Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed").  Apple is requesting document discovery on only two topics, targeted to a small, discrete set of documents:  intellectual property licenses between Qualcomm and Ericsson and communications regarding these licenses.  The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

### 5.    Granting Apple's Section 1782 Request Would Promote Efficient Discovery

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of Section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts."  *Marubeni Am. Corp. v. LBA Y.K.,* 335 Fed. App'x. 95, 96 (2d Cir. 2009) (citation omitted).  Here, given the worldwide, complex nature of the litigations between Apple and Ericsson, Section 1782 provides an effective means for obtaining the discovery sought by Apple.  Rather than seeking the same discovery in each of the foreign litigations, Apple can obtain the discovery with one application under Section 1782.  *See Procter & Gamble*, 334 F. Supp. 2d at 1115 (observing that it would be inefficient to require party to patent infringement actions in Germany, Japan, the Netherlands, France, and the United Kingdom "to seek the same discovery" in each of them).  Further, the requested discovery—while not prohibited (as noted above)—might nonetheless prove to be unavailable in some of the Foreign Proceedings, further justifying Apple's request.

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

**6.    The Court Should Exercise Its Discretion and Grant Apple's Request**

The *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant Apple's application.  Courts in this Circuit routinely permit discovery under Section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors all support granting the requested relief.  *See, e.g.*, *In re Am. Petroleum Institute*, No. 11-80008-JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Selwyn Decl. ¶ 19, Ex. 5); *In re Ecuador*, 2011 U.S. Dist. LEXIS 103360, at *11; *London*, 279 F. App'x at 513; *In re Application of LG Elecs. Deutschland GMBH*, 2012 U.S. Dist. LEXIS 70570, at *17; *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010 U.S. Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*, No. 08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Selwyn Decl.¶ 20, Ex. 6).

## IV.    CONCLUSION

Apple seeks narrowly tailored discovery for use in proceedings currently pending in three foreign jurisdictions.  Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Apple respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

Dated:  August 13, 2015

*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782