UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re Ex Parte Application of | ) | Civil No. 15cv1780 BAS(RBB) |
| | ) | |
| APPLE INC.; APPLE DISTRIBUTION | ) | ORDER GRANTING APPLE'S EX |
| INTERNATIONAL; APPLE SALES | ) | PARTE APPLICATION FOR AN ORDER |
| INTERNATIONAL; APPLE RETAIL UK | ) | PURSUANT TO 28 U.S.C. § 1782 |
| LIMITED; APPLE RETAIL GERMANY | ) | GRANTING LEAVE TO OBTAIN |
| GMBH; APPLE RETAIL NETHERLANDS | ) | DISCOVERY FOR USE IN FOREIGN |
| B.V.; and APPLE BENELUX B.V., | ) | PROCEEDINGS [ECF NO. 1] |
| | ) | |
| Applicants, | ) | |
| | ) | |
| For an Order Pursuant | ) | |
| to 28 U.S.C. § 1782 | ) | |
| Granting Leave to | ) | |
| Obtain Discovery from | ) | |
| Qualcomm Incorporated | ) | |
| for Use in Foreign | ) | |
| Proceedings. | ) | |

## I.   BACKGROUND

On August 13, 2015, Apple Inc., Apple Distribution International, Apple Sales International, Apple Retail UK Limited, Apple Retail Germany GmbH, Apple Retail Netherlands B.V., and Apple Benelux B.V. (collectively referred to as "Apple" or "Applicant"), filed an "Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign

1   Proceedings" (the "Ex Parte Application"), along with several

2   exhibits [ECF No. 1].[1]  In the Ex Parte Application, Applicant

3   seeks discovery from Qualcomm Incorporated ("Qualcomm") to use in

4   litigation in the United Kingdom, Germany, and the Netherlands.

5   (Ex Parte Appl. 1-2, ECF No. 1.)  Apple is a defendant in patent

6   infringement litigation that Ericsson initiated in these three

7   countries.  (Id. at 2.)  For use in these foreign actions,

8   Applicant seeks to discover documents relating to any intellectual

9   property rights granted by Ericsson to Qualcomm, as well as

10  communications relating to those documents.  (Id. Attach. #3 Ex. B,

11  at 9.)  Specifically, Apple makes two requests:

12          All documents that grant or granted, or purport or
            purported to grant, to Qualcomm any rights, protections,
13          or licenses in or to any Ericsson IPR–including without
            limitation Ericsson Wireless IPR, regardless of whether
14          it is Essential Wireless IPR–and which provide or
            provided a covenant not to sue relating to any Ericsson
15          IPR, or which otherwise authorize or authorized Qualcomm
            to practice any Ericsson IPR, including but not limited
16          to all agreements, amendments, appendices, attachments,
            schedules, and addendums.

17                  . . .

18
            For each document produced in response to Request
19          No. 1, all non-privileged Communications with Ericsson
            relating to that document, including Communications
20          regarding the negotiation of the document and any
            Communications regarding any efforts to terminate any
21          rights, protections, licenses, covenants not to sue, or
            other authorization provided by the document.

22
    (Id.)
23
        A briefing schedule was set for the Ex Parte Application on
24
    August 18, 2015 [ECF No. 3].  There, the Court directed Applicant
25
    to serve Ericsson and Qualcomm with a copy of the order setting the
26
    briefing schedule.  (Mins. 1, Aug. 18, 2015, ECF No. 3.)  The Court
27
28          [1]  The Court will cite to all documents using the page numbers
    assigned by the electronic case filing system.

                                    2                           15cv1780 BAS(RBB)

1  additionally required any opposition to the Ex Parte Application to

2  be filed by September 21, 2015.  (Id.)  Apple filed a certificate

3  of service as to Qualcomm and Ericsson on August 19, 2015 [ECF No.

4  4].  On September 30, 2015, the Court took the matter under

5  submission [ECF No. 5].  Neither Qualcomm nor Ericsson has filed an

6  opposition to Apple's application.

7       The Court has considered the Ex Parte Application.  For the

8  reasons discussed below, the Ex Parte Application is **GRANTED.**

9                          **II.  DISCUSSION**

10      Section 1782(a) authorizes federal courts to provide certain

11  assistance to litigants in foreign tribunals.

12           The district court of the district in which a person
             resides or is found may order him to give his testimony
13           or statement or to produce a document or other thing for
             use in a proceeding in a foreign or international
14           tribunal . . . .  The order may be made pursuant to a
             letter rogatory issued, or request made, by a foreign or
15           international tribunal or upon the application of any
             interested person and may direct that . . . the
16           document[s] . . . be produced, before a person appointed
             by the court.

17

18  28 U.S.C.A. § 1782 (West 2006).  The section applies to the

19  production of documents from corporations, companies, associations,

20  as well as individuals.  Al Fayed v. CIA, 229 F.3d 272, 274 (D.C.

21  Cir. 2000) (citing the Dictionary Act, 1 U.S.C. § 1).  While this

22  Court has jurisdiction to order a party to produce documents for

23  use in a proceeding in a foreign tribunal, 28 U.S.C.A. § 1782(a),

24  it "is not required to grant a § 1782(a) discovery application

25  simply because it has the authority to do so."  Intel Corp. v.

26  Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004).

27  //

28  //

                                  3

A.   **Statutory Requirements**

There are three statutory requirements under 28 U.S.C. § 1782. See <u>Ex parte Rigby</u>, No. 13cv0271-MMA(MDD), 2013 WL 622235, at *1 (S.D. Cal. Feb. 19, 2013) (citing <u>Lazaridis v. Int'l Ctr. for Missing & Exploited Children</u>, 760 F. Supp. 2d 109, 112 (D.D.C. 2011)).

> A district court may grant an application pursuant to 28 U.S.C. § 1782 where: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and, (3) the application is made by a foreign or internal tribunal or any interested person.

<u>Id.</u>; <u>see also</u> <u>In re LG Electronics Deutschland GmbH</u>, No. 12cv1197-LAB(MDD), 2012 WL 1836283, at *1 (S.D. Cal. May 21, 2012) (citing <u>Lazaridis</u>, 760 F. Supp. 2d at 112).

Apple has met the first requirement.  In the Ex Parte Application, Apple asserts that "Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District."  (Ex Parte Appl. 5, ECF No. 1 (citing <u>id.</u> Attach. #4 Selwyn Decl. 4).)  As Qualcomm appears to be located within this district, and did not file an opposition to dispute this fact, the Court finds that Qualcomm is "found in the district of the district court to which the application is made[.]" <u>Ex parte Rigby</u>, 2013 WL 622235, at *1 (citing <u>Lazaridis</u>, 760 F. Supp. 2d at 112).

Regarding the second requirement, Applicant contends that it "seeks the information for use in establishing at least the defenses of license, unfair competition, and/or antitrust violations in patent infringement actions brought by Ericsson in one or more foreign tribunals [in the United Kingdom, Germany, and

4

the Netherlands]." (Ex Parte Appl. 5, ECF No. 1.) Apple states that "[t]hese venues are all courts of first instance for hearing patent litigation[,]" and are "tribunals" under 28 U.S.C. § 1782. (Id. at 5-6 (citing In re IKB Deutsche Industriebank AG, No. 09-cv-7852, 2010 U.S. Dist. LEXIS 35924, at *5 (N.D. Ill. Apr. 8, 2010); Cryolife, Inc. v. Tenaxis Med., Inc., No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, *5 (N.D. Cal. Jan. 13, 2009); In re Qwest Commc'ns Int'l, Inc., No. 3:08MC93, 2008 U.S. Dist. LEXIS 115845, at *8, *15 (W.D.N.C. July 10, 2008).) The authorities cited by Applicant support a finding that these courts are "tribunals" under § 1782, and neither Qualcomm nor Ericsson filed an opposition to dispute this. As a result, the discovery sought "is for use in a proceeding before a foreign tribunal[,]" Ex parte Rigby, 2013 WL 622235, at *1 (citing Lazaridis, 760 F. Supp. 2d at 112), meeting the second requirement.

As to the final statutory requirement, Apple maintains that it qualifies as an interested person because it is a "named part[y] in the foreign actions[.]" (Ex Parte Appl. 6, ECF No. 1.) "[L]itigants are included among . . . the 'interested person[s]' who may invoke § 1782 . . . ." Intel, 542 U.S. at 256 (citation omitted); see In re Global Energy Horizons Corp., No. 5:15-mc-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015) (footnote omitted) ("[T]here can be no real dispute that GEHC qualifies as an interested person [under § 1782] because it is a party to the foreign proceeding and requires the information at issue here to determine the extent of Gray's breach and the monetary damages at play."). Moreover, because there is no dispute as to Apple's status as a litigant in the foreign proceedings, the

1   Court finds that "the application is made by a foreign or internal

2   tribunal or any interested person." <u>Ex parte Rigby</u>, 2013 WL

3   622235, at *1 (citing <u>Lazaridis</u>, 760 F. Supp. 2d at 112).

4        Applicant has met all three statutory requirements under 28

5   U.S.C. § 1782.

6   **B.    Discretionary Factors**

7        "[O]nce the statutory requirements are met, a district court

8   is free to grant discovery in its discretion." <u>Metallgesellschaft</u>

9   <u>v. Hodapp (In re An Order Permitting Metallgesellschaft AG to Take</u>

10  <u>Discovery)</u>, 121 F.3d 77, 78 (2d Cir. 1997).  The factors the Court

11  considers in deciding whether to exercise its discretion were

12  outlined in <u>Intel</u>.  First, it determines "[whether] the person from

13  whom discovery is sought is a participant in the foreign proceeding

14  . . . ." <u>Intel</u>, 542 U.S. at 264.  If so, the need to resort to §

15  1782 to obtain evidence is less apparent.  <u>Id.</u>  The next factor is

16  "the nature of the foreign tribunal, the character of the

17  proceedings underway abroad, and the receptivity . . . to U.S.

18  federal-court judicial assistance." <u>Id.</u>  Where the request

19  "conceals an attempt to circumvent foreign proof-gathering

20  restrictions or other policies of a foreign country or

21  the United States[,]" the Court should refrain from exercising its

22  discretion to order discovery.  <u>Id.</u> at 265.  Equally important is

23  whether the request is "unduly intrusive or burdensome." <u>Id.</u>; <u>see</u>

24  <u>In re Int'l Judicial Assistance from the First Circuit Court of Los</u>

25  <u>Santos, Los Santos Province, Panama</u>, No. 13-mc-80173-JST, 2013 U.S.

26  Dist. LEXIS 125612, at *3-4 (N.D. Cal. Sept. 3, 2013) (applying

27  <u>Intel</u> factors and granting § 1782 application).

28  //

6                                                  15cv1780 BAS(RBB)

In addressing the first discretionary factor, Apple contends that "[s]ince Qualcomm is not a party to the foreign litigations, the material Applicant seeks, licenses in Qualcomm's possession, may not be within the foreign tribunal's jurisdictional reach." (Ex Parte Appl. 6, ECF No. 1 (citations omitted).)  Qualcomm did not respond to the Ex Parte Application and, thus, does not dispute that it is not a party to the litigation in the United Kingdom, Germany, and the Netherlands.

Though Qualcomm may not be a party to the foreign litigation, this does not necessarily mean that this factor weighs in Apple's favor.  Specifically, all of the information sought from Qualcomm relates to intellectual property rights granted to Qualcomm by Ericsson.  (<u>Id.</u> Attach. #3 Ex. B, at 9.)  Ericsson is a party to the foreign litigation, (Ex Parte Appl. 2), and likely also possesses this information.  Applicant has not shown that it cannot obtain this information from Ericsson.  Accordingly, this factor weighs against granting the Ex Parte Application.  <u>See In re LG Electronics Deutschland GmbH</u>, 2012 WL 1836283, at *2 ("[T]he information to be sought from Qualcomm . . . relates exclusively to Qualcomm's licensing or authorized use of Mitsubishi intellectual property.  Mitsubishi is the plaintiff in the German action. . . . LG has not explained why that information cannot be obtained from Mitsubishi in either lawsuit.").

As to the second factor, Apple argues that "[b]ecause the nature and character of the foreign proceedings involve Ericsson's allegations of patent infringement, discovery regarding potentially relevant license agreements is critical."  (Ex Parte Appl. 7, ECF No. 1 (citation omitted).)  Although there was no response to the

Ex Parte Application, given the multiplicity of foreign proceedings
and the potential complexity of foreign patent litigation, the
Court finds that this factor weighs in favor of granting the Ex
Parte Application.  See In re Chevron Corp., No. 3:10-cv-00686,
2010 WL 8767266, at *3 n.5 (M.D. Tenn. Aug. 17, 2010) ("[T]he
nature and character of these complex, long-standing proceedings
argue for the application of § 1782 assistance.").

     Discussing the next factor, Applicant maintains that it "is
unaware of any restrictions on proof-gathering procedures that
would prohibit obtaining the discovery it seeks through Section
1782." (Ex Parte Appl. 7, ECF No. 1.)  Apple reasons that these
types of requests are frequently granted for use in litigation in
the foreign tribunals it has been sued in. (Id. at 7-8.)  Though
no opposition was filed, this factor does not support granting the
Ex Parte Application.  Specifically, while nothing suggests that
the Ex Parte Application "conceals an attempt to circumvent foreign
proof-gathering restrictions or other policies of a foreign country
or the United States," Intel, 542 U.S. at 265, Applicant "has not
addressed the availability of this information from [Ericsson]
utilizing the discovery procedures of the host courts." In re LG
Electronics Deutschland GmbH, 2012 WL 1836283, at *2 (finding that
the failure to address the ability to obtain the information from
the opposing party to the foreign litigation "does not help to
convince the Court to exercise its discretion in favor of the
Applicant[]").

     Finally, with regard to the last discretionary factor, Apple
asserts that its "proposed discovery requests are narrowly tailored
and minimally burdensome." (Ex Parte Appl. 8, ECF No. 1 (citing

1  <u>Intel</u>, 542 U.S. at 265).)  Applicant contends that its requests are

2  limited to "only two topics, targeted to a small, discrete set of

3  documents: intellectual property licenses between Qualcomm and

4  Ericsson and communications regarding these licenses."  (Ex Parte

5  Appl. 8, ECF No. 1.)  Apple speculates that there are likely only a

6  small number of responsive documents, precluding any undue burden

7  on Qualcomm.  (<u>Id.</u>)

8       Because Qualcomm did not file an opposition to address the

9  number of responsive documents in its possession, the Court cannot

10  determine whether an undue burden would be imposed by granting the

11  Ex Parte Application.  Additionally, there is insufficient

12  information to conclude that Apple's requests are narrowly

13  tailored.  (<u>See</u> Ex Parte Appl. Attach. #3 Ex. B, at 9.)  As a

14  result, this factor will be treated neutral, not weighing for or

15  against granting the application.  <u>Cf.</u> <u>In re Ontario Principals'</u>

16  <u>Council</u>, Case No.: 5:13-mc-80237-LHK-PSG, 2013 WL 6073517, at *3

17  (N.D. Cal. Nov. 8, 2013) ("By narrowly tailoring the[] request[,]

18  Applicants have mitigated any burden to Topix or its users.  The

19  registration information sought by Applicants will be of obvious

20  aid to the foreign tribunal in evaluating the merits of Applicants'

21  defamation claim.  The subpoena request does not appear unduly

22  burdensome.").

23       Accordingly, while some of <u>Intel</u> factors weigh against

24  granting the Ex Parte Application, this Court "is free to grant

25  discovery in its discretion."  <u>Metallgesellschaft</u>, 121 F.3d at 78;

26  <u>see also</u> <u>In re LG Electronics Deutschland GmbH</u>, 2012 WL 1836283, at

27  *3 ("The Court finds that the <u>Intel</u> factors do not clearly dictate

28  the manner in which the Court should exercise its discretion in

9

1  this case.  But, considering that our courts favor broad discovery

2  generally, the Court will authorize the issuance of the requested

3  subpoena.").  Exercising this discretion, the Court concludes the

4  Ex Parte Application should be granted.  Specifically, the

5  potentially complex nature of the foreign proceedings supports

6  granting the application.  Moreover, as neither Qualcomm nor

7  Ericsson filed an opposition to Apple's request, the Court is

8  unaware of any additional considerations warranting denial.

9                          **III.   CONCLUSION**

10      For the reasons explained above, Apple's Ex Parte Application

11  [ECF No. 1] is **GRANTED**.  Applicant may serve Qualcomm with the

12  proposed subpoena.  A copy of this order must be served with the

13  subpoena.  After service, Qualcomm may assert any rights it has to

14  challenge the subpoena by filing a motion to Quash in this docket.

15

16      **IT IS SO ORDERED.**

17

18  DATED: October 7, 2015
                                    Ruben B. Brooks
19                                  United States Magistrate Judge

20  cc: Judge Bashant
        All Parties of Record

21

22

23

24

25

26

27

28